## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BREANNA SARGENT,**
**Claimant Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-35**      (BOR Appeal No. 2058030)
(JCN: 2019006102)

**ON THE ROCKS, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Breanna Sargent appeals the July 22, 2022, Order of the West Virginia Board of Review ("Board"). Respondent On The Rocks, LLC, filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's decision to grant petitioner an 8% permanent partial disability award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 19, 2018, petitioner was working as a cashier for respondent when she was attacked by two customers attempting to rob the facility, a gaming parlor. Petitioner was stabbed in the neck, right arm, left knee, jaw, and chest and was hit over the head with a microwave. Petitioner sustained collapsed lungs, a fracture in the cervical spine, and several knife wounds. A claim administrator found generally that the injuries to petitioner's neck, left knee, jaw, chest, and right arm were compensable.

On June 3, 2019, petitioner underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Mukkamala found that petitioner had reached maximum medical improvement for her injuries and found that she sustained 8% whole person impairment for loss of range of motion in the neck and cervical spine and 4% whole person impairment due to her fracture of the cervical spine,

---

[1] Petitioner is represented by James R. Fox, Esq. Respondent is represented by James W. Heslep, Esq.

1

which combined to 12% whole person impairment. This was then converted to 8% whole-person impairment per Cervical Category II of Table 85-20-E of the West Virginia Code of State Rules ("Rule 20"). Dr. Mukkamala found that petitioner suffered no whole person impairment with regard to her other compensable injuries. The claim administrator granted petitioner an 8% permanent partial disability award based on Dr. Mukkamala's IME on June 25, 2019. Petitioner protested the order.

Petitioner sought an IME from Robert B. Walker, M.D. in October of 2019. Dr. Walker found that petitioner sustained 7% whole person impairment due to loss of range of motion in the cervical spine and 4% whole person impairment due to her fracture of the cervical spine. Dr. Walker then took the combined 11% whole person impairment and converted it to 15% whole person impairment per Cervical Category III of Rule 20. In sum, Dr. Walker assigned petitioner 15% whole person impairment for the cervical spine, 6% whole person impairment for the thoracic spine, 4% whole person impairment for the left knee and thigh, and 3% whole person impairment for scarring, for a combined total of 28% whole person impairment.

Petitioner underwent a third IME, performed by Chuan Fang Jin, M.D., in December of 2020. Dr. Jin largely agreed with Dr. Mukkamala's assessment and assigned petitioner 8% whole person impairment for the cervical spine per Category II of Rule 20 and no whole person impairment for any of her other injuries. Dr. Jin criticized Dr. Walker's assessment of petitioner's whole person impairment, stating that he misclassified petitioner's injuries by placing her in Category III rather than Category II, assigned impairments where there were no injuries, and assigned impairment to injuries against the recommendations of the *Guides*. Dr. Jin opined that Dr. Walker's "impairment rating appears excessive and exaggerated and is not based on the medical evidence[], the mechanism of the injury and the natural history of the injury." Subsequently, Dr. Walker authored a report responding to Dr. Jin's criticisms.

By Decision entered on March 14, 2022, the Office of Judges affirmed the claim administrator's June 25, 2019, order awarding petitioner 8% permanent partial disability. The Office of Judges took each of the IME reports, as well as Dr. Walker's response to Dr. Jin's criticisms, into consideration. While the Office of Judges found one of Dr. Walker's individual impairment ratings to be persuasive, it ultimately concluded that "[o]verall, the reports of Dr. Jin and Dr. Mukkamala are more persuasive regarding whole person impairment," both of whom assessed petitioner to have 8% whole person impairment. The Office of Judges found that, as such, the claim administrator did not err in granting petitioner an 8% permanent partial disability award. The Board adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the March 14, 2022, Decision on July 22, 2022. Petitioner now appeals.

Our standard of review is set forth in W. Va. Code § 23-5-12a(b) (2022), in part, as follows:

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner argues that the lower tribunals erred in adopting the whole person impairment rating assigned by Dr. Mukkamala and Dr. Jin, rather than that of Dr. Walker, in violation of West Virginia Code § 23-4-1g (2003).[2] According to petitioner, Dr. Walker's report was determined to be persuasive and, as such, his impairment rating should have been adopted. In support, petitioner cites to *Williams v. Performance Coal Company*, No. 15-0288, 2016 WL 765751 (W. Va. Feb. 26, 2016) (memorandum decision), for the proposition that when no IME reports are discredited, the reports are entitled to equal weight and the dispute is resolved in favor of the claimant. Petitioner states that neither tribunal made any findings discrediting Dr. Walker's report and that, all things being equal, the dispute should have been resolved in her favor. Lastly, petitioner states that the Board failed to make any findings of fact or conclusions of law, simply adopting the Office of Judges decision. Upon our review, we find that petitioner is entitled to no relief.

Contrary to petitioner's argument, the Office of Judges made findings that the reports of Dr. Jin and Dr. Mukkamala were more persuasive than the report of Dr. Walker. While petitioner attempts to argue that there was equal evidentiary weight between the reports and that there were no findings against the report of Dr. Walker, a review of the record reveals that is simply not the case. The Office of Judges acknowledged that Dr. Walker's impairment rating for scarring was persuasive but found that the reports of Dr. Jin and Dr. Mukkamala were more persuasive in regard to the impairment rating for the cervical spine and their opinions regarding the lack of impairment for any other compensable conditions. Specifically, Dr. Jin and Dr. Mukkamala reached the same

---

[2]West Virginia Code § 23-4-1g(a) provides, in part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

conclusions by using the same tables and by placing petitioner in Cervical Category II, rather than Cervical Category III as noted by Dr. Walker. As such, the Office of Judges and the Board ultimately concluded that their reports were more persuasive, which does not implicate West Virginia Code § 23-4-1g.

Moreover, petitioner's reliance on *Williams* is misplaced. In *Williams*, the Office of Judges awarded a permanent partial disability award by piecemealing together the impairment ratings of six different physicians rather than adopting the impairment rating of a single physician. *Williams*, 2016 WL 765751, at *3. The Supreme Court of Appeals of West Virginia found that, in so doing, the Office of Judges and the Board made erroneous conclusions of law as "permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation." *Id*. (citing *Repass v. Workers' Comp. Div.*, 212 W. Va. 86, 95, 569 S.E.2d 162, 171 (2002)). The Supreme Court went on to find that because the Office of Judges did not discredit any of the six IME reports, all of the reports were entitled to equal weight and, pursuant to West Virginia Code § 23-4-1g, the dispute was to be resolved in the claimant's favor. *Id.* Here, the Office of Judges did not attempt to assign an impairment rating in piecemeal fashion and, as noted above, found that the 8% whole person impairment rating of Dr. Jin and Dr. Mukkamala was more persuasive. As such, the Office of Judges did not find that the evidentiary weight of the reports was equal, and petitioner was not entitled to the dispute being resolved in her favor on that basis.

To the extent that petitioner takes issue with the Office of Judges' failure to accept Dr. Walker's impairment ratings for injuries other than the cervical spine, we find no error. First, petitioner fails to cite to the record demonstrating that the thoracic spine had been held compensable. Second, as demonstrated by *Williams*, the Office of Judges was not permitted to piecemeal together impairment ratings from the various doctors. *Williams*, 2016 WL 765751, at *3. The Office of Judges made extensive findings about the IME reports of both Dr. Walker and Dr. Jin, as well as Dr. Walker's response to Dr. Jin's criticism of his evaluation, and found that Dr. Walker's report, as a whole, was less persuasive. As such, we find no error in the Office of Judge's or the Board's decision to affirm the claim administrator's decision to award petitioner an 8% permanent partial disability award related solely to her cervical spine injury. Lastly, the Board clearly adopted the findings of fact and conclusions of law made by the Office of Judges, which are sufficient for appellate review. As such, under the circumstances of this case, we find that petitioner's argument that the Board failed to make findings of fact and conclusions of law to be without merit.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Jason A. Cuomo, sitting by temporary assignment

Judge Thomas E. Scarr, voluntarily recused